**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRACY ROMERO FOLEY, | No. 09-17129 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00769-DCB-1 |
| v. | |
| M. ANCHETA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
David C. Bury, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Tracy Romero Foley, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust, and for clear error its factual determinations, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court properly dismissed Foley's Eighth Amendment claim because he failed to exhaust administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that "proper exhaustion" under 42 U.S.C. § 1997e(a) is mandatory and requires adherence to administrative procedural rules); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (affirming dismissal for failure to exhaust prison remedies where inmate's grievance failed to "alert[] the prison to the nature of the wrong for which redress [was] sought.").

Foley's remaining contentions are unpersuasive.

We reject Foley's May 12, 2010, request to stay this appeal. *See McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam) (prisoner may not satisfy exhaustion requirement while federal action is pending, but dismissal is without prejudice to refiling federal action once exhaustion requirement is met).

**AFFIRMED.**