**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER BAILEY, | No. 09-35137 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01905-MO |
| v. | |
| STEVE SHELTON, M.D.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Christopher Bailey, an Oregon state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We affirm in part, reverse in part, and remand.

The district court properly denied defendants' motion to dismiss for failure to exhaust administrative remedies because Bailey's grievance was sufficient to provide notice to defendants of his complaints about his skin condition. *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("'[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" (citation omitted)). To the extent defendants raise another exhaustion argument on appeal, we do not consider it. *See Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1111 n.2 (9th Cir. 2001) ("an issue is generally waived on appeal if it is not adequately raised below to the district court").

The district court granted summary judgment to defendants on the ground that the action was barred by Oregon's two-year statute of limitations. We affirm as to defendants Shelton and Whelan because Bailey failed to present any evidence that these defendants were involved in the denial of medical treatment within the two years before the lawsuit was filed. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (explaining that the statute of limitations for section 1983 lawsuits is the state law statute of limitations for personal injury actions, and that Oregon's statute of limitations for such actions is two years).

We reverse summary judgment as to defendant Lytle, and remand for further proceedings. In his sworn affidavit, filed on December 28, 2007, and incorporated in the opposition to the motion for summary judgment, Bailey states that he saw Dr. Lytle at numerous appointments, including during the two years before he filed the lawsuit, and that Dr. Lytle provided inadequate treatment during these visits. *See Two Rivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1998) (explaining that a deliberate indifference claim accrues when the prisoner "knew or had reason to know of the [prison] employees' deliberate indifference to his medical needs"). Bailey thus raised a triable issue as to whether his section 1983 claims against Dr. Lytle were timely.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**