**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLOYD SMITH, AKA Raylon Macon, | No. 09-15958 |
| Plaintiff - Appellant, | D.C. No. 5:04-cv-04793-RMW |
| v. | |
| J. S. WOODFORD; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted September 22, 2010[**]

Before:    WALLACE, HAWKINS, and THOMAS, Circuit Judges.

The record does not support the district court's determination that Floyd

Smith ("Smith") failed to exhaust his claim that defendants engaged in a pattern of

sexual orientation harassment and discrimination against him.  Smith's grievance,

which he fully exhausted administrative procedures, specifically alleged that

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

misconduct by staff had been ongoing for five to six months, and requested the removal of all officers who violated the prison's policy on conduct and respect. The prison's responses to Smith's grievance pointed out that he alleged that this type of misconduct had been ongoing for months, which demonstrates that the prison was on notice of his claims and had the opportunity to address them. *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, and a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought). Accordingly, we reverse and remand for further proceedings.

We do not consider other matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Smith's motion for default judgment is denied.

Smith shall bear his own costs on appeal.

**REVERSED and REMANDED.**