**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL HARPER, | No. 10-15083 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-02131-MCE-EFB |
| v. | |
| NELSON, Correctional Officer, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

California state prisoner Daniel Harper appeals pro se from the district

court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action for

failure to exhaust administrative remedies under the Prison Litigation Reform Act,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review

de novo. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly dismissed Harper's action because he did not

complete the prison grievance process as to any relevant grievance before filing

suit in federal court. *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)

(affirming dismissal for failure to exhaust prison remedies where inmate's

grievance failed to "alert[] the prison to the nature of the wrong for which redress

[was] sought"); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per

curiam) (exhaustion under § 1997e(a) must occur prior to commencement of the

action). Further, Harper failed to show that additional remedies were unavailable

to him.

Harper's remaining contentions are unpersuasive.

Harper's pending motions are denied.

**AFFIRMED.**

10-15083