**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVE SANCHEZ, | No. 09-17837 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00542-MCE-EFB |
| v. | |
| PENNER, Doctor and WEDELL, Doctor, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted May 24, 2011**

Before:  PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Steve Sanchez, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his cellulitis.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo the district court's dismissal for failure to exhaust administrative

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

remedies under 42 U.S.C. § 1997e(a), and for clear error its factual findings. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). We review de novo the district court's grant of summary judgment. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We affirm.

The district court properly granted Wedell's motion to dismiss, which it construed as a motion for summary judgment, because Sanchez failed to exhaust his administrative remedies as to Wedell. *See Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) ("A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress.").

The district court properly granted Penner's motion for summary judgment because Sanchez failed to raise a genuine dispute of material fact as to whether Penner was deliberately indifferent to Sanchez's cellulitis. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health and safety; negligence and a mere difference in medical opinion are insufficient).

The district court did not abuse its discretion by declining to assert supplemental jurisdiction over Sanchez's state law claims. *See Tritchler v. Cnty. of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (a district court's decision whether to

retain jurisdiction over supplemental claims when the original federal claims are dismissed is reviewed for an abuse of discretion).

The district court did not abuse its discretion by denying Sanchez's motion for sanctions. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 819 (9th Cir. 2009) (denial of sanctions under Rule 11 and former Rule 56(g) reviewed for abuse of discretion); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (Rule 11's 21-day safe harbor period begins to run only upon service of the motion for sanctions on offending party); *see also* Fed. R. Civ. P. 56(g) (1937) (amended 2010) (requiring payment of "reasonable expenses" by the offending party where "an affidavit . . . is submitted in bad faith or solely for delay" and permitting the court to hold a party or an attorney in contempt for the same).

Sanchez's remaining contentions are unpersuasive.

**AFFIRMED.**