**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY LYNN NORWOOD, | No. 10-16188 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00172-ROS |
| v. | |
| M. ROBINSON, Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Roslyn O. Silver, District Judge, Presiding[**]

Submitted May 24, 2011[***]

Before:  PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Gregory Lynn Norwood, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Roslyn O. Silver, Chief United States District Judge for the District of Arizona, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We vacate in part and remand.

The district court determined that Norwood's grievance dated September 27, 2006 was insufficient to exhaust Norwood's claim that prison officials confiscated his property in retaliation for filing grievances because it did not allege that retaliation was the reason for the confiscation. Although the grievance did not advance the legal theory of retaliation, it gave the prison adequate notice of the harm being grieved. *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (explaining that a grievance need not include legal terminology or legal theories if it sufficiently provides notice of the harm being grieved). Accordingly, we remand for further proceedings on Norwood's First Amendment retaliation claim with respect to the confiscation of his property.

We do not review the district court's dismissal of Norwood's claims regarding delivery of packages and defendant Sampson's alleged failure to intervene because those claims are not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

The parties shall bear their own costs on appeal.

**VACATED in part and REMANDED.**