FILED

JUL 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEITH L. BLACKWELL, | No. 10-15986 |
| Plaintiff - Appellant, | D.C. No. 1:05-cv-00856-AWI-SMS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Former California state prisoner Keith L. Blackwell appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging that prison

officials violated his Eighth Amendment rights by acting with deliberate

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both the district court's dismissal of claims for failure to exhaust administrative remedies, *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010), and its summary judgment ruling, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc), and we affirm.

The district court properly dismissed the claims against Pennywell, Escobar, McGrew-Reese, and Lawhorn for failure to exhaust because Blackwell did not exhaust his claims against these defendants prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) ("proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (per curiam) (administrative remedies must be exhausted before suit is filed); *see also Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (grievance must alert prison officials to the nature of the wrong for which redress is sought).

The district court properly granted summary judgment to Vo because Blackwell failed to raise a genuine dispute of material fact as to whether Vo acted with deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1053, 1057 (9th Cir. 2004) (defendants are deliberately indifferent only when they know of and disregard a substantial risk of serious harm); *Franklin v. Or. State Welfare Div.*,

662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.").

Blackwell's remaining contentions are unpersuasive.

**AFFIRMED.**