FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH ANTONETTI, | No. 10-15762 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00162-KJD-LRL |
| v. | |
| MONIN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Joseph Antonetti, a Nevada state prisoner, appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging numerous constitutional

violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

*Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (exhaustion); *Barnett v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam) (Fed. R. Civ. P. 12(b)(6) dismissal and summary judgment).  We may affirm on any basis supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm in part, reverse in part, and remand.

Dismissal of Antonetti's claims alleging deliberate indifference to his serious medical needs, inadequate law library access, and the general use of batons, was proper because Antonetti failed to exhaust administrative remedies.  *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) ("proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring exhaustion of administrative remedies prior to filing suit).  We construe the dismissal of these claims to be without prejudice.  *See Wyatt*, 315 F.3d at 1120.

However, dismissal for nonexhaustion of Antonetti's claims alleging excessive force and inadequate yard and exercise time between approximately January 8, 2005 and November 15, 2005 was improper where Antonetti's grievances and appeals were accepted and processed by the prison at each level of review.  *See id.* at 1119 (§ 1997e(a) of the Prison Litigation Reform Act does not impose a pleading requirement but a defense, and defendants have the burden of raising and proving the absence of exhaustion); *see also Griffin v. Arpaio*, 557 F.3d

2                                                                      10-15762

1117, 1120 (9th Cir. 2009) (the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, and a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought).

Regarding the exhausted meal-deprivation claims, defendants were not entitled to qualified immunity at this stage of the proceedings because outstanding questions remain as to how many meals he was denied, and it is possible that he has asserted the violation of a clearly-established law. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009); *Foster v. Runnels*, 554 F.3d 807, 815 (9th Cir. 2009) ("There is no question that an inmate's Eighth Amendment right to adequate food is clearly established."); *see also Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (individuals sued in their official capacity are not entitled to any immunity other than sovereign immunity).

Finally, although the district court correctly concluded that the Eleventh Amendment bars actions against state officials sued in their official capacities when damages are sought, the Eleventh Amendment does not bar suits seeking prospective relief against state officials. Dismissal was therefore improper as to the claims for injunctive relief against defendants in their official capacities.

Accordingly, we reverse the district court's judgment and remand for further proceedings consistent with this disposition.

Antonetti's remaining contentions are unpersuasive.

Antonetti's request for judicial notice is denied. *See* Fed. R. Evid. 201(b).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**