FILED

NOV 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDY CHARLES BODIE, | No. 11-17845 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02788-RCB |
| v. | |
| UNKNOWN TIPTEN, Detention Officer at Pinal County Sheriff's Office; UNKNOWN LOCTHERT, Detention Officer at Pinal County Sheriff's Office, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Andy Charles Bodie, an Arizona state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of his right to free religious exercise for failure to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009), and we affirm.

The district court properly dismissed the action without prejudice because Bodie did not properly exhaust his administrative remedies, and he failed to provide sufficient evidence to show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (exhaustion is not required where administrative remedies are "effectively unavailable").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**