FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JERMAINE DONTE GRIFFIN,
                    *Plaintiff-Appellant,*

v.

JOE ARPAIO, in his individual and
official capacity as Sheriff of
Maricopa County;
DHEERENDRANATH V. RAIKHELKAR
Dr., in his individual and official
capacity, also known as Raikeuian;
BROOKS, RN, in individual and
official capacity; RIVERA, RN, in
individual and official capacity;
JOHN DOE NO.1, in his individual
and official capacity as Jail
Commander at Madison Street
Jail; JOHN DOE, NO.2, in his
individual and official capacity as
Classification Officer at Madison
Street Jail,
                    *Defendants-Appellees.*

No. 06-16132

D.C. No.
CV-01-01290-PHX-
PGR

OPINION

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Argued and Submitted
January 16, 2009—San Francisco, California

Filed March 5, 2009

Before: J. Clifford Wallace, Jerome Farris and
M. Margaret McKeown, Circuit Judges.

2771

Opinion by Judge Farris

## COUNSEL

Roopali H. Desai, Lewis and Roca, LLP, Phoenix, Arizona, for the appellant.

Bruce P. White, Deputy County Attorney; Andrew P. Thomas, Maricopa County Attorney; Rebecca C. Salisbury, Deputy County Attorney, Phoenix, Arizona, for the appellees.

## OPINION

FARRIS, Senior Circuit Judge:

### Background

For the purposes of this appeal, we take the allegations in Griffin's complaint and grievances as true. They are as follows: Jermaine Griffin is an inmate in the Arizona Department of Corrections system. Defendants are the Sheriff of Maricopa County, a prison doctor, two prison nurses, and two prison officials. In May of 1999, Griffin fell from the top bunk of his jail cell in Maricopa County, Arizona. At the time, Griffin suffered from mental health conditions for which he took prescription drugs. He asserts that these drugs impaired his vision and depth perception, making it difficult for him to access upper bunks. After Griffin's fall, the prison assigned him to a lower bunk. It later reassigned him to a top bunk.

In early December 1999, Griffin fell again while trying to access an upper bunk. He filed an Inmate Grievance Form stating that he had injured himself trying to reach the top bunk, mentioning his mental health conditions and medication, and requesting a ladder or "some sort of permanent step." While his grievance was pending, Griffin obtained an order for a lower bunk assignment from a prison nurse. A prison officer, the shift supervisor, and the Bureau Hearing Officer replied to Griffin's grievance, stating that the nurse's order resolved his problem. Griffin asserts that prison staff disregarded the nurse's order.

Griffin appealed his grievance in compliance with Maricopa County procedures, first to the Jail Operations Com-

mander on December 9, 1999, and then to an external referee on December 17, 1999. Griffin's appeals did not mention the alleged disregard of his lower bunk assignment, instead continuing to demand better means of access to the top bunk. The Commander replied that the lower bunk assignment addressed Griffin's problem and obviated further action. The external referee's response was similar, adding "That ends it!" He informed Griffin that, having completed the prison's grievance procedures, Griffin could file in district court.

On July 11, 2001, Griffin brought this action for money damages against Defendants in district court pursuant to 42 U.S.C. § 1983, alleging cruel and unusual punishment and unsafe living conditions in violation of the Eighth Amendment of the United States Constitution. Defendants moved to dismiss for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The district court granted Defendants' motion and dismissed the action with prejudice. It held that Griffin had failed to exhaust his administrative remedies, noting that he alleged deliberate indifference to his medical needs in his federal action without having first grieved it to the prison. Griffin filed a Motion to Reconsider, which the district court granted for reasons unrelated to this appeal. The district court then dismissed the action without prejudice, reiterating the reasoning underlying its earlier dismissal. Griffin timely appeals.

The district court's dismissal without prejudice would typically constitute a non-final judgment and preclude appellate review. However, we treat the dismissal as final because Griffin "has no way of curing the defect found by the court: there is no indication he could begin a new administrative process in the prison." *See Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005).

A dismissal for failure to exhaust administrative remedies receives "clear error" review of factual issues. *Wyatt v. Ter-*

*hune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We review the district court's legal conclusions *de novo*. *Id.*

## Discussion

**[1]** The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions. 42 U.S.C. § 1997e(a) (2008); *see Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."). Exhaustion must be "proper." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This means that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue. *Id.* at 90. Prisoners need comply only with the prison's own grievance procedures to properly exhaust under the PLRA. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Griffin properly appealed his grievance through all steps that the Maricopa County jail held out. He filed an Inmate Grievance Form and completed the prison's appeals process. Defendants assert that Griffin nonetheless failed to exhaust properly. Griffin did not grieve that prison staff members were deliberately indifferent to his medical needs, an allegation that now forms the primary component of his Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Defendants contend that, without this allegation, the grievance was not factually specific enough to satisfy the PLRA's exhaustion requirement. Griffin asserts that his grievance alleged every fact necessary for proper exhaustion.

## I.   Appropriate Standard of Factual Specificity

**[2]** The Supreme Court held in *Jones v. Bock* that a prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. 549 U.S. at 218. The Maricopa County jail's

procedures, however, provide little guidance as to what facts a grievance must include. The jail's Inmate Grievance Form merely instructs the grievant to "[b]riefly describe [the] complaint and a proposed resolution."

[3] We have not yet articulated the standard of factual specificity required when a prison's grievance procedures do not specify the requisite level of detail. Defendants propose that we adopt the standard propounded by the Eleventh Circuit in *Brown v. Sikes*, 212 F.3d 1205, 1207-08 (11th Cir. 2000). The *Brown* standard requires the grievant to include all relevant information about his claims that he can reasonably obtain. *Id.* The district court applied this standard in dismissing Griffin's complaint. Griffin argues that the Seventh Circuit articulated the proper standard in *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). *Strong* held that, when a prison's grievance procedures are silent or incomplete as to factual specificity, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.*

[4] We adopt *Strong* as the appropriate standard. *See Kikumura v. Osagie*, 461 F.3d 1269, 1285 (10th Cir. 2006), *overruled on other grounds by Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008); *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004); *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004); *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003), *abrogated on other grounds by Jones v. Bock*, 549 U.S. at 217; *Strong*, 297 F.3d at 650. It advances the primary purpose of a grievance: to notify the prison of a problem. *See Johnson v. Johnson*, 385 F.3d at 522, *cited with approval in Jones*, 549 U.S. at 219. It comports with the Supreme Court's holding in *Jones* that a prison's own procedures define the contours of proper exhaustion. *See* 549 U.S. at 218. *Strong* provides a low floor that clarifies exhaustion requirements, but is unlikely to demand more information than prison procedures permit.

## II.    Adequacy of Griffin's Grievance under *Strong*

**[5]** Under the *Strong* standard, Griffin's failure to grieve deliberate indifference does not invalidate his exhaustion attempt. A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. *See Johnson v. Johnson*, 385 F.3d at 522, *cited with approval in Jones*, 549 U.S. at 219. Griffin's problem concerned his unsatisfactory bunking situation. Notifying the prison of that problem did not require him to allege that the problem resulted from deliberate indifference.

**[6]** Nonetheless, Griffin failed to exhaust properly. He did not provide notice of the prison staff's alleged disregard of his lower bunk assignments. The officials responding to his grievance reasonably concluded that the nurse's order for a lower bunk assignment solved Griffin's problem. Rather than clarifying the situation, Griffin repeatedly demanded a ladder. His grievance did not "provide enough information . . . to allow prison officials to take appropriate responsive measures." *Johnson v. Testman*, 380 F.3d at 697.

### Conclusion

We reject the district court's reliance on *Brown* in its dismissal of Griffin's complaint, but we may affirm for any reason supported by the record. *United States v. Murphy*, 516 F.3d 1117, 1120 (9th Cir. 2008). Griffin failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). He did not alert the prison to the nature of his problem. *See Strong*, 297 F.3d at 650.

**AFFIRMED**.