**Dean HARRIS, Plaintiff–Appellant,**

v.

**SPRIET, Lt.; et al., Defendants– Appellees.**

**No. 07–35270.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 23, 2009.

Dean Harris, Ontario, OR, pro se.

Richard D. Wasserman, Esq., AGOR– Office of the Oregon Attorney General, Salem, OR, for Defendants–Appellees.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Dean Harris, an Oregon state prisoner, appeals pro se from the district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

under 28 U.S.C. § 1291. We review de novo, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir.2003), and we affirm.

The district court properly dismissed Harris's claim that prison officials violated his Eighth and Fourteenth Amendment rights by transporting him by bus to a medical appointment, because Harris did not pursue his prison grievance to the highest level of administrative review. *See Woodford v. Ngo*, 548 U.S. 81, 88, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) ("[A] prisoner must complete the administrative review process in accordance with the applicable procedural rules ... as a precondition to bringing suit in federal court."). Moreover, Harris's grievance regarding Dr. Duncan's treatment was insufficient to notify prison staff about the alleged unconstitutional transport. *See Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir.2009) (proper exhaustion "means that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue.").

Harris' remaining contentions are unpersuasive.

**AFFIRMED.**