Larry M. WISENBAKER,
Plaintiff–Appellant,

v.

Jackie CRAWFORD; et al.,
Defendants–Appellees.

No. 06–15693.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2009.[*]

Filed May 26, 2009.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Brian R. Morris, Esq., Reno, NV, for Plaintiff–Appellant.

Daniel Wong, Esq., AGNV–Office of the Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

### MEMORANDUM **

Nevada state prisoner Larry M. Wisenbaker appeals from the district court's order in his 42 U.S.C. § 1983 action, granting summary judgment on his claims alleging deliberate indifference and failure properly to train and supervise, and dismissing the remaining claims, without prejudice, for failure to exhaust administrative remedies as required by

the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo both the exhaustion determination, *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003), and the grant of summary judgment, *Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam). We affirm in part, vacate in part, and remand.

■ The district court properly determined that Wisenbaker did not exhaust as to his claim that the defendants have a policy of coercing inmates in need of protective segregation into transferring to the general population, given that his grievance made no mention of the alleged coercion. *See Griffin v. Arpaio,* 557 F.3d 1117, 1120 (9th Cir.2009) (holding that, although a prison grievance need not include legal terminology or legal theories, it must alert the prison to the nature of the wrong for which redress is sought). However, the district court erred in dismissing Wisenbaker's remaining claims concerning the Lovelock Correctional Center's policies and procedures, or lack thereof, for failure to exhaust administrative remedies. By outlining the attack and resulting injuries he suffered and the correctional officers' purportedly deficient response, Wisenbaker's grievance placed the defendants on sufficient notice that he was grieving the existence and absence of policies and procedures that led to his injuries. *See id.*

Although Wisenbaker did not allege that the defendants were personally aware of and failed to respond to his attack and subsequent injuries, the defendants may nonetheless be liable if Wisenbaker can establish a "sufficient causal connection" between their wrongful conduct and the

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

constitutional violation. *See Redman v. County of San Diego*, 942 F.2d 1435, 1446–47 (9th Cir.1991) (en banc) (concluding that knowledge of a policy and practice of overcrowding that allegedly resulted in inmate's rape could be sufficient to establish liability).

. ■ The district court also erred in concluding that Wisenbaker presented no evidence that the defendants failed properly to supervise or train correctional officers. Wisenbaker presented evidence that there were no procedures or training on how to monitor or respond to the use of the prison's intercom system, creating a triable issue concerning whether the defendants properly supervised or trained officers. We remand for the district court to determine in the first instance whether the failure to train amounted to deliberate indifference. *See Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir.1991) (holding that a governmental officer may be held liable for the failure to supervise or train subordinates adequately where the failure to train amounts to deliberate indifference).

We decline to reach the defendants' argument, raised for the first time on appeal, that the untimeliness of Wisenbaker's grievance constitutes improper exhaustion under *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999) (explaining that, as a general rule, the court will not consider arguments that are raised for the first time on appeal).

The parties shall bear their own costs on appeal.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**AFFIRMED in part, VACATED in part, and REMANDED.**