**Jonathan W. GRIGSBY,**
**Plaintiff–Appellant,**

v.

**Robert HOREL; et al., Defendants–**
**Appellees.**

**No. 08–16150.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2009.*

Filed July 27, 2009.

Jonathan W. Grigsby, Crescent City, CA, pro se.

Jennifer J. Nygaard, Esquire, AGCA–Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Jonathan W. Grigsby, a California state prisoner, appeals pro se from the district

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court properly dismissed the action because Grigsby did not properly exhaust prison grievance procedures. *See Jones v. Bock,* 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (explaining that prisoners must comply with the procedural rules of the prison grievance process in order to exhaust administrative remedies properly); *see also Griffin v. Arpaio,* 557 F.3d 1117, 1120–21 (9th Cir.2009) (concluding that a prisoner must alert the prison to the nature of the problem in order to exhaust administrative remedies properly).

Grigsby's remaining contentions are unpersuasive.

Grigsby's February 23, 2009 "Motion Seeking Order" is denied as moot.

**AFFIRMED.**