MEMORANDUM **
Jack Men Wilson, a former California state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action, without prejudice, for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003). We vacate and remand.
The district court concluded that Wilson failed to exhaust prison remedies with respect to his claim that Mata denied him access to his legal materials in retaliation for filing grievances. However, the March 12, 2005 grievance complaining about Mata’s refusal to transport Wilson to his legal materials gave the prison adequate notice of the ñatee of the wrong Wilson sought to be remedied — namely, Mata’s alleged refusal to provide Wilson access to his legal materials. See Griffin v. Arpaio, 557 F.3d 1117, 1120-21 (9th Cir.2009) (holding that a grievance generally suffices for exhaustion purposes if it alerts the prison to the nature of the wrong for which redress is sought, and that it need not include legal terminology or theories unless they are in some way needed to provide notice of the harm being grieved).
Moreover, Wilson exhausted all available prison remedies. The first level response granted Wilson’s requests in full, did not advise Wilson that he could appeal the determination if dissatisfied, and there is no indication that additional relief might have been available if Wilson appealed. See Brown v. Valoff 422 F.3d 926, 941-42 (9th Cir.2005) (determining whether plaintiff exhausted remedies based on whether the relevant grievance was granted or denied, whether the plaintiff was advised that further review was available, and whether additional relief might have been available if plaintiff had appealed).
VACATED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.