MEMORANDUM **
Everett L. McCoy, a California state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s application of substantive law de novo and for clear error its factual determinations, Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003), and we affirm in part, vacate in part, and remand.
The district court properly dismissed the claims against defendants Caden, Grannis, and Lamarque because McCoy’s prison grievances did not provide notice of his complaints against these defendants. See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir.2009) (affirming dismissal for failure to exhaust prison remedies where inmate’s grievance failed to “alert[ ] the prison to the nature of the wrong for which redress [was] sought.”); see also Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (holding that exhaustion is mandatory under § 1997e(a)).
However, we vacate the judgment dismissing the retaliation claim against defendant Cox and remand for the district court to consider whether, in light of our recent decision in Griffin, 557 F.3d at 1120, prison grievance number SVSP-D02-2294 and its attachments were sufficient to put the prison on notice that Cox had allegedly filed a false disciplinary report against McCoy because McCoy had complained to Cox’s supervisor.
McCoy has abandoned any challenge to the dismissal of his claims against defendant Bass. See Cook v. Schriro, 538 F.3d 1000, 1014 n. 5 (9th Cir.2008) (explaining that issues not raised on appeal are deemed abandoned).
Appellants shall bear McCoy’s costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.