**Jerry L. ARMSTRONG, Plaintiff-Appellant,**

v.

**L.E. SCRIBNER, Warden; et al., Defendants–Appellees.**

No. 08–56350.

United States Court of Appeals, Ninth Circuit.

sitting by designation.

---

Submitted Oct. 13, 2009.*

Filed Oct. 30, 2009.

Jerry L. Armstrong, Corcoran, CA, pro se.

Tiffany R. Hixson, Esquire, Deputy Attorney General, AGCA–Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

## MEMORANDUM **

California state prisoner Jerry L. Armstrong appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action, with prejudice, for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003). We affirm in part, vacate in part, and remand.

The district court properly determined that Armstrong failed to exhaust administrative remedies as to his claim concerning access to a computer because Armstrong filed no grievance placing the defendants on notice of the nature of the harm he now seeks to litigate. *See Griffin v. Arpaio,* 557 F.3d 1117, 1120 (9th Cir.2009) (affirming dismissal for failure to exhaust prison remedies where inmate's grievance failed to "alert[ ] the prison to the nature of the

wrong for which redress [was] sought") (citation and internal quotation marks omitted); *see also Woodford v. Ngo,* 548 U.S. 81, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that "proper exhaustion" requires adherence to administrative procedural rules). However, we vacate the judgment with respect to this claim and remand for dismissal without prejudice. *See Wyatt,* 315 F.3d at 1120 (providing that the proper remedy for non-exhaustion is dismissal without prejudice).

In light of this holding, we need not reach Armstrong's contention that the district court erred in striking punitive damages.

Armstrong's remaining contentions are unpersuasive.

We do not reach the district court's alternative bases for dismissal.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.