**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL JAMES HICKS, | No. 08-17085 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01146-SI |
| v. | |
| M. S. EVANS, Warden, Salinas Valley State Prison, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Yvonne Illston, District Judge, Presiding

Submitted October 20, 2009[**]

Before:    SKOPIL, LEAVY, and T.G. NELSON, Circuit Judges.

California state prisoner Michael James Hicks appeals pro se from the

district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action

for failure to exhaust his administrative remedies. We reverse and remand for

further proceedings.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## DISCUSSION

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires a prisoner to exhaust available administrative remedies before bringing a federal action concerning prison conditions. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Hicks indicated in his complaint that he did not appeal his grievance beyond the second level of prison review. Ordinarily, a district court could rely on such a concession to dismiss a prisoner's action. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies.").

In this instance, however, the record shows that Hicks' grievance was granted at the second level and therefore he was not required to seek additional administrative review. *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has . . . received all 'available' remedies at an intermediate level of review."). The district court therefore erred by sua sponte dismissing the action.

**REVERSED AND REMANDED**.[1]

---

[1]     Hicks' pending motions are denied as moot.