**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY E. DAVIS, | No. 08-15886 |
| Plaintiff - Appellant, | D.C. No. 2:06-CV-01425-KJD-RJJ |
| v. | |
| S. CRAWFORD; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted March 16, 2010[**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Rodney E. Davis, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

PDM/Research

administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust, and for clear error its factual determinations, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court properly dismissed the action because Davis did not complete the Nevada Department of Corrections prison grievance process prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that "proper exhaustion" under § 1997e(a) is mandatory and requires adherence to administrative procedural rules); *see also Griffin v. Arpaio*, 557 F.3d 1117, 1120-21 (9th Cir. 2009) (concluding that inmate grievance cannot serve to exhaust administrative remedies where it fails to "'alert[ ] the prison to the nature of the wrong for which redress is sought'") (citation omitted).

Davis's remaining contentions are unpersuasive.

**AFFIRMED.**