**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAUL A. REDD, Jr.,

               Plaintiff - Appellant,

    v.

MICHAEL D. DALEY,

               Defendant - Appellee.

No. 09-17164

D.C. No. 5:98-cv-20429-JF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted December 8, 2010
San Francisco, California

Before: HUG, D.W. NELSON, and McKEOWN, Circuit Judges.

    Paul Redd, Jr. ("Redd"), a prisoner currently in the custody of the California

Department of Corrections ("CDC"), appeals the dismissal of his 42 U.S.C. § 1983

claim against CDC Correctional Officer Michael Daley for failure to exhaust

administrative remedies, as required by 42 U.S.C. § 1997e(a) of the Prison

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Litigation Reform Act ("PLRA"). We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for further proceedings. We review de novo the district court's determination that a prisoner failed to exhaust administrative remedies. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007).

The district court dismissed Redd's excessive force claim for failure to exhaust because Redd did not assert in his prison grievance that Daley used excessive force. However, where prison grievance rules do not set forth a level of factual specificity – as is the case here – this court has held that a prisoner must simply notify the prison of the "nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). Here, Redd's grievance addresses the incident with Daley and strongly suggests that Daley's actions were intentional. The grievance does not explicitly set forth the elements of the claim, but it sufficiently informs the prison of the nature of the wrong. Thus, Redd has exhausted his administrative remedies with respect to the excessive force claim.

We remand for consideration of the excessive force claim.

**REVERSED and REMANDED.**