**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEITH RUBEN BRIDGEWATER, | No. 10-15795 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-02511-FCD-CMK |
| v. | |
| LOCKART, Facility Sergeant; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Keith Ruben Bridgewater, a California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to

exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C.

§ 1997e(a).  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's dismissal for failure to exhaust, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and for an abuse of discretion the denial of a motion to compel discovery, *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  We affirm.

The district court properly dismissed Bridgewater's action because he failed to exhaust administrative remedies or demonstrate that he was excused from doing so.  *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *see also Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (affirming dismissal for failure to exhaust prison remedies where inmate's grievance failed to "alert[ ] the prison to the nature of the wrong for which redress [was] sought").

The district court did not abuse its discretion by denying Bridgewater's motions to compel discovery.  *See Hallett*, 296 F.3d at 751 (trial court's broad discretion to deny discovery "will not be disturbed except upon the clearest showing that [the] denial of discovery result[ed] in actual and substantial prejudice to the complaining litigant") (internal citation and quotation marks omitted).

Bridgewater's remaining contentions are unpersuasive.

**AFFIRMED.**

10-15795