**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DAVID RAYMOND ANDREWS,

Plaintiff - Appellant,

v.

J. EVERT, Library Technical Asst.; et al.,

Defendants - Appellees.

No. 11-17520

D.C. No. 5:09-cv-05858-LHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted December 19, 2012 [**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

David Raymond Andrews, a California state prisoner, appeals pro se from

the district court's summary judgment and dismissal order in his 42 U.S.C. § 1983

action alleging that defendants placed him in restraints because of his race and

conspired to deny him access to the courts. We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and dismissal for failure to exhaust administrative remedies, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment on Andrews's access-to-courts claim based on the alleged withholding of his certificate of funds because Andrews failed to raise a genuine dispute of material fact as to whether he suffered an actual injury as a result of the policy prohibiting personal possession of certified documents. *See Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (actual injury for access-to-courts claim requires showing that defendants hindered a non-frivolous legal claim).

The district court properly dismissed Andrews's equal protection claim because Andrews failed to exhaust administrative remedies in a proper manner. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp v. Kimbrell*, 623 F.3d 813, 825 (9th Cir. 2010) ("[A]n inmate must first present a complaint at the first level of the administrative process."); *Griffin v. Arpaio*, 557 F.3d 1117, 1120-21 (9th Cir. 2009) (an inmate's grievance must "'provide enough information . . . to allow prison officials to take appropriate responsive measures'" (citation omitted)).

**AFFIRMED.**