**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORENZO GREGGE, Jr., | No. 13-15346 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02561-GEB-CMK |
| v. | |
| MATTHEW KATE; JAMES A. YATES, Warden, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted July 22, 2014[**]

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

California state prisoner Lorenzo Gregge, Jr., appeals pro se from the district

court's judgment dismissing for failure to exhaust his 42 U.S.C. § 1983 action

alleging that defendants were deliberately indifferent to his health in violation of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010), and we reverse and remand.

The district court dismissed Gregge's action for failure to exhaust because Gregge did not assert in his prison grievance that a prison policy resulted in the denial of his constitutional rights, and thus did not put defendants on notice of the alleged basis of liability. However, where prison grievance rules do not set forth a level of factual specificity, as is the case here, a prisoner must merely alert "the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (citation and internal quotation marks omitted). Gregge's grievance sufficiently alerted the prison of the nature of the alleged wrong. *See id*. at 1120 (explaining that a grievance "need not include legal terminology or legal theory" and that the "primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation"). Accordingly, we reverse and remand for further proceedings.

**REVERSED and REMANDED.**