NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 5 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIKE NEWCASTLE, | No.    15-16679 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-0091-RCJ-VPC |
| v. | |
| L.C. ADAMS, et al., | MEMORANDUM [*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted April 17, 2017[**]
San Francisco, California

Before:  FERNANDEZ and MURGUIA, Circuit Judges, and CURIEL,[***] District Judge.

Plaintiff Mike Newcastle appeals the district court's grant of summary

judgment in favor of Defendants Renee Baker and James Bruffy on Newcastle's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

Eighth Amendment claim under 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings consistent with this disposition.

1.      We review de novo a district court's legal ruling on exhaustion. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014). We also review de novo a district court's grant of summary judgment. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007). "Summary judgment is proper only if no material facts are in dispute and one party is entitled to prevail as a matter of law." *McKenzie v. Lamb*, 738 F.2d 1005, 1007 (9th Cir. 1984). Meanwhile, we review a district court's exclusion of evidence in a summary judgment motion for an abuse of discretion. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). We affirm a district court's evidentiary ruling unless it is erroneous and prejudicial. *Id.*

2.      The district court properly concluded that Newcastle failed to exhaust his administrative remedies for his Eighth Amendment claim against Baker. The grievance Newcastle lodged with the prison did not complain that Baker subjected Newcastle to humiliation and deprived him of his property, clothing, and sleep. *See Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009). Nor did Newcastle plead in his complaint a supervisory liability claim premised on Baker's failure to intercede. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th

Cir. 1982) ("[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."). The district court did not err by granting summary judgment to Baker on this ground.

3. The district court abused its discretion in excluding Newcastle's criminal trial transcripts, offered in opposition to Defendants' motion for summary judgment, as inadmissible hearsay. First, the district court erred by *sua sponte* excluding the trial transcripts without objection from Defendants. *See Fonseca v. Sysco Food Servs. of Arizona, Inc.,* 374 F.3d 840, 846–47 (9th Cir. 2004). Second, the district court's exclusion of Palczewski and Drummond's testimony was prejudicial to Newcastle, because the testimony provided some corroboration for Newcastle's version of events.

4. The district court erred by granting summary judgment in favor of Bruffy. The district court failed to view the evidence in the light most favorable to Newcastle and, in doing so, erroneously concluded that Newcastle's version of events was uncorroborated and wholly implausible. First, the video recording of the incident does not contain footage of the minutes surrounding Newcastle's restraint, and thus does not "blatantly contradict[]" Newcastle's testimony regarding Bruffy's use of excessive force during that time period, *Scott v. Harris*, 550 U.S. 372, 380 (2007); *c.f. Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1161 n.6 (9th Cir. 2011). Second, the nurse's medical report shows that Newcastle

sustained injuries which, when viewed in the light most favorable to Newcastle, were consistent with excessive force, including abrasions on his head and neck, pain in his hands, and a laceration on his forearm near his wrist. Third, Palczewski provided some corroboration for Newcastle's claim that he was lying on the ground and nonresistant after he was restrained. Newcastle presented sufficient evidence to create a genuine dispute of material fact regarding whether Bruffy subjected Newcastle to excessive force after Newcastle was restrained.

Accordingly, we reverse the district court's grant of summary judgment to Bruffy and remand for further proceedings.

**REVERSED AND REMANDED.**