**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRAIG KAISER GARRETT, | No. 17-56598 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00784-AB-KES |
| v. | |
| J. GASTELO; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Submitted April 11, 2018[**]

Before:   SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Craig Kaiser Garrett, a California state prisoner, appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging deliberate indifference to a serious medical

needs.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Jackson v. Fong*, 870 F.3d 928, 932 (9th Cir. 2017). We affirm.

The district court properly granted summary judgment because Garrett failed to raise a genuine dispute of material fact as to whether he properly exhausted administrative remedies for his claim that Finander falsified a medical report, or whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (describing limited circumstances under which administrative remedies are deemed unavailable); *Griffin v. Arpaio*, 557 F.3d 1117, 1120-21 (9th Cir. 2009) ("[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.").

Garrett does not challenge the district court's dismissal of his remaining deliberate indifference claims in his opening brief and has therefore waived any challenge to the district court's dismissal of those claims. *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003).

**AFFIRMED.**