NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID A. DIEHL,<br><br>       Plaintiff-Appellant,<br><br> v.<br><br>UNKNOWN MENDEZ, named as SIA (FNU) Mendez / each and all in his/her individual and official capacity;<br>UNKNOWN HANSEN, named as Unit Team Manager (FNU) Hansen / each and all in his/her individual and official capacity,<br><br>       Defendants-Appellees. | No.   17-16852<br><br>D.C. No. 4:13-cv-01996-JAS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted July 10, 2018**

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

David A. Diehl, a federal prisoner, appeals pro se from the district court's

summary judgment in his action under *Bivens v. Six Unknown Named Agents of*

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging First Amendment retaliation claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's legal rulings on exhaustion. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary judgment because Diehl did not properly exhaust prison grievance procedures, and Diehl failed to raise a genuine dispute of material fact as to whether there was "something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* at 1172; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (the Prison Litigation Reform Act requires "proper exhaustion," which means "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits" (citation and internal quotation marks omitted)); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("[A] grievance [only] suffices if it alerts the prison to the nature of the wrong for which redress is sought" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Diehl leave to amend his complaint because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

Diehl's motion to seal his reply brief (Docket Entry No. 35) is granted. The Clerk shall file the reply brief under seal.

**AFFIRMED.**