**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLARENCE MCNAIR, | No. 18-15269 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00038-RCJ-WGC |
| v. | |
| R. KERSTEN, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted May 27, 2020
San Francisco, California

Before: W. FLETCHER and LEE, Circuit Judges, and SETTLE,** District Judge.

Plaintiff-Appellant Clarence McNair ("McNair") appeals the trial court's

grant of summary judgment dismissing his claims under 42 U.S.C. § 1983 for

failure to exhaust his administrative remedies. McNair, a Nevada state prisoner,

alleged that Defendant-Appellee Robert Kersten ("Kersten"), a corrections officer,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Benjamin H. Settle, United States District Judge for
the Western District of Washington, sitting by designation.

retaliated against him for pursuing grievances against Kersten. The district court adopted the Magistrate Judge's Report and Recommendation ("R&R") finding McNair's grievance, alleging Kersten left his assigned post and harassed and retaliated against McNair in violation of the Eighth and Fourteenth Amendments, to be inadequate because it did not contain allegations—later included in McNair's amended complaint—that Kersten shoved McNair, called him a "rat" and a "snitch" and threatened him if he filed other complaints.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment based upon failure to exhaust administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We reverse and remand.

The district court erred in requiring a level of specificity from McNair's grievance that is not consistent with our precedents. McNair was not required to include in his grievance all the facts required to support his legal claims; instead, he was only required to provide notice of the wrongs for which redress was sought. *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (a grievance "need not contain every fact necessary to prove each element of an eventual legal claim" because "the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation"). McNair's grievance, which identified Kersten, the date and location of the incident, identified a witness and alleged the serious misconduct of retaliation and harassment, was sufficient to

alert the prison to a problem that required investigation. McNair's grievance was therefore adequate to exhaust his administrative remedies. *Id*.

Because we hold that McNair's grievance exhausted his administrative remedies, we do not reach to remaining issues raised by the parties.

**REVERSED and REMANDED**.