NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT HACKWORTH, Jr., | No. 19-16239 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-05569-BLF |
| v. | |
| S. TOMLINSON, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted October 26, 2020**

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

California state prisoner Robert Hackworth, Jr. appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging First Amendment retaliation.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Williams v. Paramo*,

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

775 F.3d 1182, 1191 (9th Cir. 2015).  We affirm.

The district court properly granted summary judgment because Hackworth failed to exhaust his administrative remedies, and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (a prisoner's grievance must "alert[ ] the prison to the nature of the wrong for which redress is sought" (citation and internal quotation marks omitted)).

We reject as meritless Hackworth's contention that defendants should have raised the exhaustion defense in a motion to dismiss rather than a motion for summary judgment.  *See Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc).

**AFFIRMED.**

19-16239