NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JACK ORLANDO JOHNSON,

        Plaintiff-Appellant,

  v.

J. MILSON,

        Defendant-Appellee.

No. 20-56250

D.C. No. 2:19-cv-07485-VBF-PD

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted May 17, 2022**

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

California state prisoner Jack Orlando Johnson appeals pro se from the district court's judgment dismissing for failure to exhaust administrative remedies his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino*

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (legal rulings on exhaustion); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal for failure to state a claim). We affirm.

The district court properly dismissed Johnson's action because it was clear from the face of Johnson's operative complaint that Johnson failed to exhaust available administrative remedies prior to filing suit. *See Albino*, 747 F.3d at 1169 (where a failure to exhaust is clear from the face of the complaint, a district court may dismiss for failure to state a claim); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (a prisoner's grievance must "alert[] the prison to the nature of the wrong for which redress is sought" (citation and internal quotation marks omitted)).

Milson's motion for judicial notice (Docket Entry No. 20) is granted.

**AFFIRMED.**