**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NOAH SCHRODER, | No. 22-35006 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00583-DCN |
| v. | |
| JAY CHRISTENSEN, Warden; BON JOVI, Sergeant; BURRUS, Officer; TAYLOR, Sergeant, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| RONA SIEGERT; REESE, PA; CHRIS JOHNSON, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted January 18, 2023**

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Noah Schroder, an Idaho state prisoner, appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging Eighth Amendment claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Schroder's claim related to the May 1, 2020 injury because Schroder failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 578 U.S. 632, 642–44 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit, and describing limited circumstances in which administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (exhaustion requires compliance with prison deadlines and other procedural rules).

The district court also granted summary judgment on Schroder's conditions-of-confinement claim alleging that prison officials failed to remedy the flooding in his cell in October 2020. The district court determined that although Schroder fully exhausted his October grievance related to this claim, that grievance was insufficient to exhaust his claim for damages because the grievance asked the prison to fix the leak in his cell and did not seek damages. However, Schroder's

October grievance was sufficient to put the prison on adequate notice of the continued flooding in his cell, which is all that is required. *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, and a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought); *see also Booth v. Churner*, 532 U.S. 731, 741 (2001) (requiring a prisoner to exhaust administrative remedies even when the prisoner's suit seeks monetary damages that are unavailable through the prison's grievance process). Because Schroder exhausted his administrative remedies with respect to this claim, we reverse and remand for further proceedings on this claim only.

The parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**