NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADRIAN JOHNSON, | No. 21-16765 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00647-GMN-EJY |
| v. | |
| D. HOLMS, Sgt.; CULLINA, Correctional Officer; BINKO, Correctional Officer; HIESE, S.E.R.T. Correctional Officer; GARZA, Correctional Officer; MURPHY, Lt.; OSCAR CARDENAS; MARK PINEDA, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted March 14, 2023[**]

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Adrian Johnson appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging constitutional violations arising from his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pretrial detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Johnson's due process claim because Johnson failed to raise a genuine dispute of material fact as to whether he lacked an adequate post-deprivation remedy for defendants' unauthorized deprivations or whether defendants' authorized actions deprived him of his property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (explaining that negligent or intentional, unauthorized deprivations do not violate due process if "adequate state post-deprivation remedies are available"); *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010) (explaining that a procedural due process claim requires a "deprivation of a constitutionally protected liberty or property interest").

The district court properly granted summary judgment on Johnson's access-to-courts claim because Johnson failed to raise a triable dispute as to whether he was deprived of a constitutional right. *See Torres v. Madrid*, 141 S. Ct. 989, 994 (2021) (explaining that 42 U.S.C. § 1983 requires "the deprivation of constitutional rights by persons acting under color of state law").

The district court did not abuse its discretion by denying Johnson's request for appointment of counsel. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir.

21-16765

2014) (concluding that no "exceptional circumstances" justified appointing counsel in part because plaintiff had been able to articulate his legal claims in light of the complexity of issues involved); *Solis v. County of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008) (setting forth standard of review).

The district court granted summary judgment on Johnson's retaliation claim, relying on the Conduct Adjustment Report ("CAR") to find that Johnson disobeyed an order and was disruptive, and concluding that the CAR was sufficient evidence of a legitimate penological purpose for defendants' actions against Johnson. However, the CAR indicates that Johnson was obeying the order to walk back to his cell, albeit slowly and while talking. Moreover, the CAR states that Johnson's "disruptive" speech related to his grievances rather than the relevant incident. Johnson also alleged in his verified complaint that defendants took disproportionate actions in response to his conduct, including by conducting a cell extraction and moving him to a mental health ward, filing a false disciplinary report against him, removing his property from his cell and giving it to other inmates, threatening him with physical harm, and putting him in administrative segregation. On this record, Johnson raised a triable dispute as to whether his grievances and related protected speech were a substantial motivating factor for defendants' actions and whether those actions reasonably advanced a legitimate penological purpose. *See Jones v. Williams*, 791 F.3d 1023, 1036 (9th Cir. 2015)

(explaining that triable disputes remained where plaintiff's version of events suggested defendants' behavior was not justified by a legitimate penological interest). We reverse the judgment on this claim and remand for further proceedings.

The district court granted summary judgment on Johnson's excessive force claim because, in its view, none of Johnson's grievances sufficiently raised that claim and thus he failed to exhaust his administrative remedies. However, the record shows Johnson filed grievances in which he specifically complained about the force that was used against him, and those statements sufficiently alerted the institution to his claim of excessive force. *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (explaining that a grievance need only "alert the prison to a problem and facilitate its resolution"). Despite having sufficiently raised excessive force in his grievances, however, the record is unclear as to whether Johnson exhausted any grievance addressing excessive force to the final level. We reverse the judgment on this claim, and remand for the district court to consider in the first instance whether Johnson exhausted his excessive force claim or whether administrative remedies were effectively unavailable to him.

Because the district court granted summary judgment on Johnson's supervisory liability claim due to the lack of a triable dispute as to any constitutional violation, we also reverse the judgment on this claim. On remand,

21-16765

the district court should reconsider Johnson's supervisory liability claim and can consider the issue of qualified immunity in the first instance.

Johnson's motion to procure surveillance video (Docket Entry No. 25) is denied.

The parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**