NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAY V. HAYNES,<br><br> Plaintiff - Appellant,<br><br> v.<br><br>MICK, Property Sgt.; MICHELE BOURNE, CS2 (Resolutions) W.C.C.; BRICKNER, Ms., Staff W.C.C.,<br><br> Defendants - Appellees. | No. 23-3350<br><br>D.C. No.<br>3:22-cv-05688-JCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Washington prisoner Clay Vinson Haynes appeals pro se from the district

court order granting summary judgment for Defendants. Haynes sued Defendants

for deliberate indifference to his medical needs in his action under 42 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1983. The court reasoned that he failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.SC. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291, and "[w]e review de novo a district court's summary judgment ruling that an inmate has not exhausted his claims." *Fordley v. Lizarraga*, 18 F.4th 344, 350 (9th Cir. 2021). We affirm.

The district court properly concluded that Haynes failed to exhaust his administrative remedies. The Prison Litigation Reform Act states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.SC. § 1997e(a). "[A] grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). The Washington Department of Corrections ("DOC") processes inmates' resolution requests through a four-tiered system laid out in its Resolution Program Manual. Haynes failed to adhere to the DOC policy of submitting emergency requests to an officer or staff member, instead placing two in the unit box with other informal resolution requests. These requests were properly processed as normal and non-emergent according to DOC policy, when one was discarded as a duplicate and the other was resolved on April 11 at Level 0. Haynes never appealed his resolution request past Level 0 to Levels

23-3350

I, II, or III of the four-tiered system in the DOC's Resolution Program, failing to "use all the steps" held out to him at the Washington Corrections Center. *Id.* Thus, the Prison Litigation Reform Act bars his action, and we affirm the district court.

**AFFIRMED.**