**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVIN R. GORDON,<br><br>            Plaintiff - Appellant,<br><br>    v.<br><br>MATTHEW CATE, Director of the California Department of Corrections and Rehabilitation; R. GROUNDS, Warden,<br><br>            Defendants - Appellees. | No. 14-15502<br><br>D.C. No. 3:11-cv-03593-JST<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted January 20, 2016[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Marvin R. Gordon, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging various

constitutional violations arising from disciplinary proceedings and his placement in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

administrative segregation.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Albino v. Baca,* 747 F.3d 1162,  1168, 1171 (9th Cir. 2014) (en banc) (summary judgment and legal rulings on exhaustion); *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011) (dismissal under Fed. R. Civ. P. 12(b)(6)).  We may affirm on any ground supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm.

The district court properly granted summary judgment on Gordon's Eighth Amendment conditions-of-confinement claim because Gordon failed to raise a genuine dispute of material fact as to whether defendants Cate and Grounds were deliberately indifferent to the conditions in administrative segregation.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official cannot be found liable for "denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety").

The district court properly dismissed Gordon's due process claim regarding placement in administrative segregation because Gordon failed to exhaust his administrative remedies.  *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("[A] grievance suffices if it alerts the prison to the nature of the wrong for

which redress is sought." (citation and internal quotation marks omitted)).

Dismissal of Gordon's claim regarding the processing of his grievances was proper because prisoners do not have a "constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). We do not treat this claim as a retaliation claim, as the district court did, because Gordon's filings in the district court and on appeal indicate that this claim was premised on the right to a specific grievance procedure.

The district court properly dismissed Gordon's First Amendment retaliatory cell search claim because Gordon failed to allege facts sufficient to show that he was engaged in protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a retaliation claim in the prison context).

Dismissal of Gordon's due process claim regarding Gordon being overcharged on a disciplinary offense was proper because Gordon failed to allege facts sufficient to show that defendants violated his due process rights. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth due process requirements for prison disciplinary proceedings). We reject Gordon's contention that he stated a cognizable due process claim premised on violations of the California Penal Code.

14-15502

The district court properly dismissed Gordon's due process claim regarding his loss of property because Gordon had an adequate post-deprivation remedy under California law. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy. California Law provides an adequate post-deprivation remedy[.]" (citation omitted)).

Dismissal of Gordon's fraudulent confiscation receipt claim against defendants Cate and Grounds was proper because Gordon failed to allege facts sufficient to demonstrate their personal involvement in the alleged violation or a causal connection between their conduct and the alleged violation. *See Starr*, 652 F.3d at 1207-08 (requirements for establishing supervisory liability).

The district court properly dismissed Gordon's due process claim regarding his classification and privileges because Gordon failed to allege facts sufficient to show that he had a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (state law only creates liberty interests deserving protection under the Fourteenth Amendment's Due Process Clause when prison officials impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (the

Constitution itself provides no liberty interest in classification status or in eligibility for rehabilitative programs).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Gordon's requests for judicial notice, set forth in his opening and reply briefs, are denied.

**AFFIRMED.**