NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES MARION SIMS, | No. 16-15620 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-04892-PSG |
| v. | |
| B. HENDRICK; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding[**]

Submitted August 9, 2017[***]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

James Marion Sims, a California state prisoner, appeals pro se from the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Sims's request for oral argument, set forth in his opening brief, is denied.

district court's summary judgment for failure to exhaust administrative remedies his 42 U.S.C. § 1983 action alleging First Amendment retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015), and we affirm.

The district court properly granted summary judgment because Sims did not properly exhaust prison grievance procedures concerning his claim or show that exhaustion was effectively unavailable. *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("[A] grievance [only] suffices if it alerts the prison to the nature of the wrong for which redress is sought." ); *Sapp v. Kimbrell,* 623 F.3d 813, 822 (9th Cir. 2010) (exhaustion is not required where administrative remedies are rendered "effectively unavailable").

**AFFIRMED.**

16-15620