NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVE CRUMP,<br><br>             Plaintiff-Appellant,<br><br>  v.<br><br>S. SANCHEZ, Captain; et al.,<br><br>             Defendants-Appellees. | No. 15-55961<br><br>D.C. No. 3:14-cv-01296-CAB-BLM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Steve Crump, a California state prisoner, appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action alleging retaliation.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo, *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2015), and we affirm.

The district court properly granted summary judgment because Crump did not properly exhaust his grievances to the final level of review or show that exhaustion was effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("[A] grievance [only] suffices if it alerts the prison to the nature of the wrong for which redress is sought."); *see also Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (exhaustion is not required where administrative remedies are rendered "effectively unavailable").

We do not consider arguments and allegations raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Crump's motion to file his opening brief as nunc pro tunc (Docket Entry No. 3) is denied as moot.

**AFFIRMED.**