**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAROLD D. HARDEN, | No. 17-15755 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02008-JAD-VCF |
| v. | |
| DWIGHT NEVEN, Warden; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted November 15, 2017**

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Nevada state prisoner Harold D. Harden appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

*Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (summary judgment for

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

failure to exhaust administrative remedies); *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011) (cross-motions for summary judgment). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment for defendants on Harden's retaliation and excessive force claims because Harden failed to raise a genuine dispute of material fact as to whether he properly exhausted his available administrative remedies as required by the Prison Litigation Reform Act, or whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)); *Williams*, 775 F.3d at 1191 (a prisoner who does not exhaust administrative remedies must show that "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him"); *Griffin v. Arpaio*, 557 F.3d 1117, 1120-21 (9th Cir. 2009) ("[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." (citation and internal quotation marks omitted)).

Summary judgment for defendants on Harden's access-to-courts claim was proper because Harden failed to raise a genuine dispute of material fact as to

17-15755

whether defendants caused an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 348-49, 354-55 (1996) (setting forth elements of an access-to-courts claim and actual injury requirement).

We do not consider issues not specifically and distinctly raised in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**