**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES KELLEY, | No. 17-16715 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00041-MMD-WGC |
| v. | |
| KAREN GEDNEY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted March 13, 2018[**]

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Nevada state prisoner James Kelley appeals pro se from the district court's

summary judgment for failure to exhaust administrative remedies in his 42 U.S.C.

§ 1983 action alleging deliberate indifference to his medical needs. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

775 F.3d 1182, 1191 (9th Cir. 2015).  We affirm.

The district court properly granted summary judgment because Kelley did not properly exhaust his administrative remedies, and Kelley failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him.  *See Ross v. Blake*, 136 S. Ct. 1850, 1858-59 (2016) (describing limited circumstances in which administrative remedies are effectively unavailable); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) ("Exhaustion must be proper . . . . [A] grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue.") (citation and internal quotation marks omitted)).

We do not consider documents not filed with the district court.  *See Barcamerica Int'l USA Trust v. Tyfield Imps., Inc.*, 289 F.3d 589, 595 (9th Cir. 2002).

**AFFIRMED.**