NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY CRAYTON,<br><br>             Plaintiff-Appellant,<br><br>   v.<br><br>RANDY GROUNDS, Warden, Warden, Retired; W. L. MUNIZ, Warden, Successor,<br><br>             Defendants-Appellees. | No.    17-15637<br><br>D.C. No. 5:15-cv-03900-BLF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted September 12, 2018[**]

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Timothy Crayton, a California state prisoner, appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging Eighth Amendment claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Furnace v. Sullivan*, 705 F.3d 1021,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1026 (9th Cir. 2013). We affirm.

The district court properly granted summary judgment because Crayton failed to exhaust administrative remedies or raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (the Prison Litigation Reform Act requires "proper exhaustion," which means "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("[A] grievance [only] suffices if it alerts the prison to the nature of the wrong for which redress is sought" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Crayton's contentions that defendants should be sanctioned for misconduct regarding discovery.

Crayton's motion to supplement the record (Docket Entry No. 13) is granted.

**AFFIRMED.**