**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL SCHWARTZ, | No. 18-16544 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-00048-JAS |
| v. | |
| VINCENT DAGIEL; LOYA, Officer, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted July 15, 2019[**]

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Former federal prisoner Paul Schwartz appeals pro se from the district court's summary judgment in his action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary judgment on Schwartz's deliberate indifference claim against defendant Loya because Schwartz failed to exhaust his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (explaining that "proper exhaustion" under § 1997e(a) requires inmates to complete "all steps that the agency holds out" and to follow administrative procedural rules (citation and internal quotation marks omitted)); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (a prisoner's grievance must "alert[] the prison to the nature of the wrong for which redress is sought" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Schwartz's deliberate indifference claim against defendant Dagiel because Schwartz failed to raise a genuine dispute of material fact as to whether he suffered any harm. Although the September 13, 2013 EKG is not in the record, the three subsequent EKGs that Schwartz had showed no abnormalities. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to a prisoner's health); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (a prisoner must demonstrate "harm caused by the indifference").

18-16544

The district court did not abuse its discretion in denying Schwartz's motion under Federal Rule of Civil Procedure 56(d) because Schwartz failed to satisfy the requirements of Rule 56(d). *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (setting forth the standard of review and explaining that Rule 56 requires a party to "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment").

The district court did not abuse its discretion in denying Schwartz's various discovery motions because Schwartz has not demonstrated "actual and substantial prejudice" as a result of the denied discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth the standard of review).

The district court did not abuse its discretion in denying leave to amend. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (setting forth the standard of review and explaining that a "district court's discretion to deny leave to amend is particularly broad where [the] plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

Schwartz's contentions that the district court denied him due process, failed to consider his evidence, and demonstrated bias are unpersuasive.

We do not consider arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**