**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

NOV 04 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN P. HUNTER,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>K. SORHIEM, Correctional Officer, in individual and official capacity,<br><br>　　　　Defendant-Appellee. | No.　18-55555<br><br>D.C. No.<br>2:15-cv-09253-DMG-SK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted October 25, 2019**
San Francisco, California

Before:　MELLOY,*** BYBEE, and N.R. SMITH, Circuit Judges.

---

\*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*　　The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

Brian P. Hunter appeals from the district court's grant of summary judgment dismissing his 42 U.S.C. § 1983 action, without prejudice, for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *See Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) ("The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action . . . ."). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment dismissal for failure to exhaust. *Talamantes v. Leyva*, 575 F.3d 1021, 1023 (9th Cir. 2009). We affirm.

Hunter argues that he exhausted all available remedies because an appeal of the cancellation was unavailable to him. However, subsections 3084.6(e) and 3084.6(a)(4) of California Code of Regulations Title 15 provide various methods to appeal the cancellation. Subsection 3084.6(e) allows for an appeal of the cancellation based on the application of the cancellation rules. Additionally, subsection 3084.6(e) refers to subsection 3084.6(a)(3), which provides a cancelled appeal may later be accepted on the grounds that the "cancellation was made in error or new information is received which makes the appeal eligible for further review." Finally, subsection 3084.6(a)(4) provides a catch-all provision that allows

"*any* appeal" to be accepted if it is determined that the "appeal should be subject to further review." (emphasis added).

Hunter makes other arguments as to why an appeal of the cancellation decision was unavailable to him. However, none of these arguments carry his burden of showing that an administrative remedy was unavailable. *See Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (holding that the prisoner has the burden "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him").

Accordingly, because Hunter failed to appeal the cancellation decision, the district court properly dismissed for failure to exhaust.

**AFFIRMED.**