**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARACELY HERNANDEZ, | No. 19-35648 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00433-MK |
| v. | |
| D. CLOUTIER, FCS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, Magistrate Judge, Presiding[**]

Submitted April 7, 2020[***]

Before: TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Oregon state prisoner Aracely Hernandez appeals pro se from the district

court's summary judgment in her 42 U.S.C. § 1983 action alleging sexual assault

by a prison employee. We have jurisdiction under 28 U.S.C. § 1291. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Hernandez's retaliation and failure-to-investigate claims because Hernandez failed to exhaust administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to her. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (the PLRA requires "proper exhaustion . . . which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)); *see also Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (setting forth circumstances when administrative remedies are effectively unavailable); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (a prisoner's grievance must "alert[ ] the prison to the nature of the wrong for which redress is sought" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Hernandez's state law claims because Hernandez failed to satisfy the notice requirements of the Oregon Tort Claims Act ("OTCA"). *See* Or. Rev. Stat. § 30.275(2)(b) (plaintiff seeking to file claims against an Oregon public body or its employees must provide notice of that claim within 180 days after the alleged loss or injury); *Denucci v.*

*Henningsen*, 273 P.3d 148, 154 (Or. App. 2012) (failure to give timely notice required under the OTCA is "fatal" to a plaintiff's claims).

The district court did not abuse its discretion in declining to consider Hernandez's "Objection to Defendants' Reply" because the filing was an unauthorized sur-reply under the local rules. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth standard of review and noting that "[b]road deference is given to a district court's interpretation of its local rules." (citation omitted)); D. Or. R. 7-1(f) (no sur-replies are generally permitted without prior authorization of the court).

However, the district court erred in granting summary judgment for failure to exhaust administrative remedies on Hernandez's Eighth Amendment failure-to-protect claim. Construing all the facts and inferences in the light most favorable to Hernandez, the record shows that Hernandez was not required to continue to appeal her grievance about the sexual assault incident because the prison granted or partially granted Hernandez relief. *See Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010) ("An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies [her], in order to exhaust [her] administrative remedies."); *see also Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) ("[C]ourts should construe liberally motion papers and pleadings filed by pro se inmates" (citation omitted)). Therefore, we reverse and remand for further

19-35648

proceedings on this claim only.

We do not consider allegations raised for the first time on appeal. *See*

*Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties shall bear their own costs on appeal.

**AFFRIMED in part, REVERSED in part, and REMANDED.**