**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK J. ZOTIKA,<br><br>            Plaintiff-Appellant,<br><br>  v.<br><br>CHARLES L. RYAN; et al.,<br><br>            Defendants-Appellees,<br><br> and<br><br>R. SCOTT MARQUARDT, President/CEO Management Training Corp; et al.,<br><br>            Defendants. | No. 18-17424<br><br>D.C. No. 3:16-cv-08297-SMM-DMF<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted June 2, 2020**

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Arizona state prisoner Patrick J. Zotika appeals pro se from the district

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety and other claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Zotika failed to exhaust administrative remedies, and he failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1856, 1858-60 (2016) (setting forth circumstances when administrative remedies are effectively unavailable); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (a prisoner's grievance must "alert[] the prison to the nature of the wrong for which redress is sought" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by considering the documentary evidence defendants submitted at summary judgment. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii), (a)(1)(B)(iv) (in an action brought by a pro se inmate in state custody, the parties are exempted from the rules governing initial disclosures); *Ballen v. City of Redmond*, 466 F.3d 736, 745 (9th Cir. 2006) (standard of review).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**