NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOUIS RALPH PICART, | No. 19-16740 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01842-TLN-DMC |
| v. | |
| M. BARRON, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted August 5, 2020**

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

California state prisoner Louis Ralph Picart appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014). We reverse and remand.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court granted summary judgment for failure to exhaust administrative remedies because Picart's grievance did not provide adequate notice to the prison of the excessive force incident alleged in the complaint. Picart's grievance alleged that in May 2016, defendant Barron pushed him out of the way, cursed at him, and kicked his shoes such that the shoes struck Picart. In his complaint, Picart alleged that, in May 2016, Barron assaulted him by kicking his legs and feet while cursing at him.

While there are differences between the descriptions of the May 2016 incident in the grievance and the complaint, Picart's grievance was sufficient to put the prison on adequate notice of the alleged May 2016 assault, and Picart fully exhausted the grievance. *See Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (reviewing a prior version of the California Code of Regulations, but observing a grievance exhausts a claim if it "puts the prison on adequate notice of the problem for which the prisoner seeks redress" as required by the prison's regulations); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (determining, when reviewing a different set of prison procedures, that "[a] grievance . . . need not contain every fact necessary to prove each element of an eventual legal claim" since "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation").

Accordingly, we reverse the judgment and remand to the district court for

19-16740

further proceedings consistent with this disposition.

**REVERSED and REMANDED.**