**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KELVIN X. SINGLETON, AKA Kelvin Lewis Singleton, | No. 20-55174 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-02462-BAS-NLS |
| v. | |
| SCOTT KERNAN; G. HERNANDEZ, Lieutenant (Inv. Serv. Unit); A. SANCHEZ, Lieutenant (Senior Hearing Off.); C. MARTINEZ, Correctional Officer; K. HURM, Correctional Officer; N. BEDUHI, Correctional Officer; E. GARZA; J. ORTIZ; T. BOERUM; SAN DIEGO REFERENCE LABORATORY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted April 8, 2021
Pasadena, California

Before: W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In this 42 U.S.C. § 1983 action, Kelvin Singleton alleges that correctional officers violated the First Amendment by giving him a drug test in retaliation for his filing a civil lawsuit against the officers. On appeal, Singleton challenges the district court's grant of summary judgment in favor of Officer Martinez on exhaustion grounds, admission into evidence of a late-disclosed drug testing list, application of an adverse inference, and grant of judgment as a matter of law in favor of Lieutenant Hernandez. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review de novo a district court's grants of summary judgment and judgment as a matter of law. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015); *Krechman v. Cnty. of Riverside*, 723 F.3d 1104, 1109 (9th Cir. 2013). In both instances, the court views the evidence in the light most favorable to the nonmoving party and draws all inferences in that party's favor. *Dees v. Cnty. of San Diego*, 960 F.3d 1145, 1151 (9th Cir. 2020); *Krechman*, 723 F.3d at 1109. We review district court evidentiary rulings, including those involving adverse inferences, for an abuse of discretion. *United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001); *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 367 (9th Cir. 1992).

We agree with the district court that Singleton failed to exhaust a retaliation claim against Officer Martinez. "The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 136 S. Ct. 1850, 1854–55 (2016) (quoting 42 U.S.C. § 1997e(a)). The prison's procedures govern whether a grievance contains the appropriate information to exhaust a claim. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). California's regulations required incarcerated plaintiffs to exhaust claims by submitting grievance forms "describ[ing] the specific issue under appeal," "list[ing] all staff member(s) involved" and "describ[ing] their involvement in the issue," and "stat[ing] all facts known and available to [the plaintiff] regarding the issue being appealed[.]" Cal. Code Regs. tit. 15, §§ 3084.2(a), (a)(3)-(4) (2015).

Singleton's grievance against Martinez alleged that the chain of custody of the test sample was not properly maintained and that Singleton's medication may have caused a false positive. Singleton did not allege retaliation or mention his prior civil suit in the grievance. He therefore failed to describe the specific issue and all facts known to him about the retaliation claim. *See id.* Because the regulations require exhausting claims through the internal grievance system, Singleton's filings and correspondence in litigation cannot satisfy the exhaustion

3

requirement. *See Jones*, 549 U.S. at 218. Finally, *Griffin v. Arpaio* is inapposite because the grievance procedures were not ambiguous and Singleton's grievance omitted the facts alleging retaliation rather than only "legal terminology" or a "legal theor[y]." *See* 557 F.3d 1117, 1120 (9th Cir. 2009).

The district court did not abuse its discretion by admitting the late-disclosed, re-printed random testing list. Singleton argues that the admission of the list unduly diluted any adverse inference to be drawn from the inability of the Defendants to produce a logbook concerning drug tests. Even assuming that effect, the district court was well within its discretion to admit the list. This decision was not "illogical," "implausible," or without support from the record. *See Sivilla*, 714 F.3d at 1173.

Because the record does not show that the district court reconsidered its decision to grant the adverse inference sanction, we review its treatment of the adverse inference in the context of its decision to grant judgment as a matter of law under Rule 50(a).

We hold that the district court properly granted judgment as a matter of law in Hernandez's favor. Judgment as a matter of law under Federal Rule of Civil Procedure 50(a) is only permissible if "there is no legally sufficient basis for a reasonable jury to find for [the nonmoving] party on that issue." *Krechman*, 723

F.3d at 1109 (internal citation and quotation marks omitted). We must "view the evidence in the light most favorable to the nonmoving party," must "draw all reasonable inferences in that party's favor," and "may not weigh evidence or make credibility determinations." *Dees*, 960 F.3d at 1151 (internal citations and quotation marks omitted).

A First Amendment retaliation claim in the custodial context has five elements: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). Singleton presented evidence that there were irregularities in the testing procedure and that the prison lost the log showing the chain of custody of his urine sample. But this evidence did not sufficiently support the conclusion that Hernandez ordered or caused Singleton to be tested as retaliation for the civil suit. Taking all facts and reasonable inferences in Singleton's favor and applying an adverse inference against Hernandez for his failure to produce the log, there was no legally sufficient basis for a reasonable jury to conclude that Hernandez "took" an adverse action against Singleton "because of" Singleton's protected conduct. *See id.* at 567.

**AFFIRMED**.