**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TIMOTHY DEANORE WILKINS,

Plaintiff-Appellant,

v.

SCOTT KERNAN; et al.,

Defendants-Appellees.

No. 20-17257

D.C. No. 2:18-cv-03163-KJM-CKD

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted October 12, 2021**

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

California state prisoner Timothy Deanore Wilkins appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Albino v. Baca*, 747

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1162, 1168 (9th Cir. 2014) (en banc).  We affirm.

The district court properly granted summary judgment because Wilkins failed to exhaust administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)); *see also Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (describing limited circumstances in which administrative remedies are effectively unavailable); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (explaining that an incarcerated person's grievance must "alert[] the prison to the nature of the wrong for which redress is sought" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**