**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH KEITH RENANDER,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>TODD THOMAS; BENJAMIN GRIEGO;<br>JODI BRADLEY; D. SIGMON; NERO,<br>First name unknown, named as Sgt. Nero;<br>ROMERO, First name unknown, named as<br>Sgt. Romero; M. OLSEN; RIELAND,<br>First name unknown; ALIMAN, First<br>name unknown; HILL, First name<br>unknown; CORE CIVIC OF AMERICA,<br><br>Defendants-Appellees. | No. 22-15169<br><br>D.C. No. 2:19-cv-04760-SRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted September 28, 2023 [**]

Before: O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Joseph Renander appeals from the final dismissal of his prisoner civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the summary judgment and dismissal of claims in the screening order de novo. *Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). We affirm.

Plaintiff failed to exhaust his claim that Defendant Aleman violated his rights by reading his legal mail; thus summary judgment was proper. At a bare minimum, plaintiff's grievance had to be specific enough to put the prison on notice of the nature of the alleged wrong to allow the prison to correct the problem. *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). The completed grievance cited by plaintiff did not put the prison on notice of the claim that Defendant Aleman or any other officer read legal mail in plaintiff's presence during mail delivery. *See id.* at 1121 (holding that a grievance requesting a ladder to access the top bunk did not exhaust a claim that prison staff disregarded an order assigning the prisoner to a lower bunk). Defendants came forward with evidence to establish that plaintiff failed to exhaust his available remedies for his claim and that he was able to file and complete grievances, including the grievance related to another claim in the case. Plaintiff did not offer sufficient evidence to support his arguments that the grievance system was effectively unavailable to him or that officials prevented him from filing his grievance for this claim. *See Albino v.*

*Baca*, 747 F.3d 1162, 1171-73 (9th Cir. 2014) (setting forth the standard and parties' burdens) (en banc).

The district court did not err by dismissing claims, without prejudice, in the screening order. The district court properly required that plaintiff link his claims to named defendants and allege facts to support all of the elements of his claims. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains."); *Arnold v. Int'l Bus. Machs.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (section 1983 causation "can be established by showing that the defendant personally participated in a deprivation of the plaintiff's rights, or caused such a deprivation to occur"). The district court was not required to accept conclusory allegations that lacked supporting facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

We decline to consider plaintiff's challenges to the magistrate judge's nondispositive orders, including the orders denying leave to amend for failure to comply with procedural rules and striking plaintiff's untimely motion for partial summary judgment. A party who fails to file timely objections to a magistrate judge's nondispositive order under Federal Rule of Civil Procedure 72(a) forfeits appellate review of the order. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170,

1174 (9th Cir. 1996). Plaintiff forfeited his right to challenge the magistrate judge's orders on appeal by not objecting to those orders in district court.

To the extent that plaintiff argues that the district judge and magistrate judge were biased, his argument lacks merit. Bias arises "from an extrajudicial source not from conduct or rulings made during the course of the proceeding." *Leslie v Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (internal quotation marks omitted). The judges did not exhibit bias by identifying plaintiff's convictions, which were part of the record and relevant to the alleged claims. Moreover, the fact that the judges ruled against plaintiff or that plaintiff believed that the judges misapplied the law does not establish bias. *Id.*

**AFFIRMED.**