NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN MAE POLK,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>M. BARON,<br><br>　　　　　Defendant-Appellee. | No.　22-16706<br><br>D.C. No.<br>1:12-cv-01156-ADA-BAM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Ana de Alba, District Judge, Presiding

Submitted March 27, 2024[**]
San Francisco, California

Before:　FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Susan Mae Polk appeals the district court orders dismissing her claims for declaratory and injunctive relief and granting summary judgment against her for failure to exhaust her administrative remedies under the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(a).  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.[1]

Polk alleges that in July 2008, prison officer Baron placed a "snitch jacket" on her by informing inmate Miranda that Polk was "602ing" (filing grievances against) staff members and that Polk had complained that Miranda was threatening Polk. Polk alleges that Miranda attacked her as a result. Polk sued Baron under 42 U.S.C. § 1983 for violations of her constitutional rights, seeking damages as well as declaratory and injunctive relief. Polk argues that she exhausted this claim through grievance CCWF C-08-01260 or, in the alternative, that the grievance process was unavailable to her.

1. Grievance CCWF C-08-01260 and the attached letters did not exhaust the claim because they do not provide sufficient notice to prison officials of the alleged wrong. "[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). Grievance CCWF C-08-01260 was an appeal of a disciplinary charge against Polk arising from a February 2008 incident—it was not focused on the July 2008 attack by Miranda. In a letter attached to the grievance, Polk discussed a number of other problems, including her inability to find a quiet location to work on legal filings,

___

[1] In her operative complaint, Polk sued only Defendant M. Baron. The motion to dismiss the remaining appellees from this appeal is granted. The clerk shall amend the case caption to *Susan Polk v. M. Baron*.

2

and attacks by other inmates.  The letter does discuss the attack by Miranda, and it later says that another inmate (not Miranda) had been "inciting violence against me, since c/o Baron put a snitch jacket on me."  But there is nothing connecting the "snitch jacket" allegation with Miranda's attack—and, indeed, the letter states that Miranda's attack was "unprovoked."  The singular reference to the "snitch jacket," buried among a number of other complaints and attached to a grievance appealing a disciplinary charge involving another incident, was not enough to put prison officials on notice of the wrong alleged in Polk's present complaint.

Polk states that, in the mandatory interview related to the grievance, she told the appeals coordinator about the attack and the snitch jacket, but she gives no other details about what she said to the coordinator.  Aside from this statement, there is no other indication that Polk discussed the incident with the coordinator. The prison's Second Level Response, filed after the interview, summarizes Polk's discussion with the coordinator, but it includes no mention of the snitch jacket or Baron.  In appealing the Second Level Response, Polk again did not mention the snitch jacket or Baron.  Her statements instead focused on the February incident. Polk's "conclusory, self-serving statement[ ]" that she told the coordinator about her allegations against Baron "lack[s] detailed facts and any supporting evidence," so it "is insufficient to create a genuine issue of material fact" about whether prison officials were on notice of the alleged wrong.  *FTC v. Publ'g Clearing House, Inc.*,

3

104 F.3d 1168, 1171 (9th Cir. 1997).

2.     Polk also argues that the appeals process was unavailable to her for several reasons. First, under the prison's regulations, a prisoner was required to submit a grievance within fifteen working days of the action or policy giving rise to the grievance, and a prisoner was limited to filing one non-emergency grievance per seven calendar days. Cal. Code Regs. tit. 15, §§ 3084.4(a), 3084.6(c) (2008). Polk received notice of the guilty finding regarding the February incident around the time that she alleges Baron put her in the "snitch jacket" and Miranda attacked her. She argues that, given the prison's regulations, she was effectively required to choose between grieving the guilty finding and grieving the incident with Miranda and Baron. Polk's arguments regarding the timing of these incidents do not line up. She was allegedly attacked by Miranda on July 20, and she received notice of the guilty finding on July 26. Even assuming that she could not have filed a grievance against Baron as an "emergency grievance" (not subject to the one-grievance-per-week rule), she has not explained why she could not file one grievance during the week of July 28 and another grievance during the week of August 4.

Polk next argues that she was thwarted from filing the grievance by prison officials. She primarily argues that another staff member, Brown, was obstructing the grievance process by improperly screening Polk's appeals, warning her that she

4

should not abuse the appeals process, and mislabeling emergency appeals as non-emergency appeals. She does not connect these assertions to the incident with Baron specifically, and they are undermined by the record, which shows that Grievance CCWF C-08-01260 was processed along with twenty-three other appeals by Polk during a two-year span. Polk suggests in passing that Baron thwarted her from filing grievances, but she offers no detail to support this assertion, and it is undermined by her own contrary assertions that she did complain to prison officials about Baron.

3.     The district court properly dismissed Polk's claims for declaratory and injunctive relief. Both forms of forward-looking relief were mooted by Polk's transfer to a prison where Baron does not work. *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

**AFFIRMED.**